# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

|  |  |
|---|---|
|  | Index No: _____/2022 |
| HAMILTON ADVANCE INC., | |
|  | SUMMONS |
| PLAINTIFF, | |
|  | Summons Filed: |
| -against- | |
|  | _____ |

THE BUZAGLO GROUP INC.; MEIR BUZAGLO
a/k/a JACK HILL; PREMIUM CAPITAL FUND
d/b/a PREMIUM CONSOLIDATION; AMRK
ENTERPRISES INC.; RALPH R. MADEB; ALBERT
MIZRAHI a/k/a MITCH CROWDER; MASHE
ALBUKAI a/k/a RAY TUCKER; MOSHE
WIRELESS INC.; ISAAC SIWEID; MAGI HALABI
a/k/a JESSICA GREES;  ESTY HARA a/ka EMILY
SPENSER; and ELAN AZIZIAN a/k/a MATT WOLFE,

                    DEFENDANTS.
-------------------------------------------------------------------X

**VENUE**
**Venue is proper in New York County. The basis of Venue is the location of events giving
rise to causes of action.**

TO:     **THE BUZAGLO GROUP INC.**
        2606 Avenue T.
        Brooklyn, NY 11229

        **MEIR BUZAGLO a/k/a JAKE HILL**
        2606 Avenue T.
        Brooklyn, NY 11229

        **PREMIUM CAPITAL FUND d/b/a
        PREMIUM CONSOLIDATION**
        85 Broad Street, 16th Floor
        New York, NY10004

        **AMRK ENTERPRISES INC.**
        290 Avenue W.
        Brooklyn, NY 11223

1

**RALPH R. MADEB**
16 Sumner Place
Brooklyn, NY 11206

**ALBERT MIZRAHI a/k/a MITCH CROWDER**
290 Avenue W
Brooklyn, NY 11223

**MASHE ALBUKAI a/k/a RAY TUCKER**
285 Avenue W
Brooklyn, NY 11223

**MOSHE WIRELESS INC.**
508 72nd Street
Brooklyn, NY 11209

**ISAAC SIWEID a/k/a JAMES SAWYER**
1464 East 7th Street
Brooklyn, NY 11230

**MAGI HALABI a/k/a JESSICA GREEN**
2399 East 7th Street
Brooklyn, NY

**ESTY HARA a/k/a EMILY SPENSER**
122 Ave R
Brooklyn, NY 11229

**ELAN AZIZIAN a/k/a MATT WOLFE**
908 Hewlett Drive
Valley Stream, NY

**YOU ARE HEREBY SUMMONED** to serve a notice of appearance on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to answer or appear, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
            September 14, 2022

_Robin LoGuidice_

GRIMBLE & LOGUIDICE, LLP

*Attorneys for Plaintiffs*

By:  Robin LoGuidice

217 Broadway, Suite 304

New York, New York 10007

(212) 349-0450

rml@grimblelaw.com

3

INDEX NO. 653382/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X

Index No: _____ /2022

HAMILTON ADVANCE INC.,

PLAINTIFF,                                   **VERIFIED COMPLAINT**

-against-

THE BUZAGLO GROUP INC.; MEIR BUZAGLO
a/k/a JACK HILL; PREMIUM CAPITAL FUND
d/b/a PREMIUM CONSOLIDATION; AMRK
ENTERPRISES INC.; RALPH R. MADEB; ALBERT
MIZRAHI a/k/a MITCH CROWDER; MASHE
ALBUKAI a/k/a RAY TUCKER; MOSHE
WIRELESS INC.; ISAAC SIWEID; MAGI HALABI
a/k/a JESSICA GREES;  ESTY HARA a/ka EMILY
SPENSER; and ELAN AZIZIAN a/k/a MATT WOLFE,

DEFENDANTS.
--------------------------------------------------------------------X

   **PLAINTIFF HAMILTON ADVANCE INC** appears by their attorneys, Grimble &

LoGuidice, LLP, and complains of Defendants as follows:

### PARTIES

1. Plaintiff, HAMILTON ADVANCE, INC. ("Hamilton"), is a domestic corporation, duly
   licensed to do business in the State of New York, with an address of 30 Broad Street,
   New York, NY 10004.

2. Defendant, THE BUZAGLO GROUP INC. ( "Buzaglo Group") is, upon information and
   belief, a domestic corporation doing business in New York, with an address of 2606
   Avenue T, Brooklyn, NY 11229

3. Defendant, MEIR BUZAGLO a/k/a JAKE HILL ("Meir Buzaglo"), is an individual,
   residing in and doing business in the State of New York, with an address of 2606 Avenue
   T, Brooklyn, NY 11229.

4. Upon information and belief, Meir Buzaglo is the principal of the Buzaglo Group.

1

5. Defendant, PREMIUM CAPITAL FUND d/b/a PREMIUM CONSOLIDATION ("Premium"), is upon information and belief, a company doing business in the State of New York, with an address of 85 Broad Street, 16th Floor, New York, NY 10004.

6. Upon information and belief, Meir Buzaglo is the principal of Premium.

7. Defendant, AMRK ENTERPRISES INC. ("AMRK") is, upon information and belief, a domestic corporation doing business in the State of New York, with an address of 90 Avenue W, Brooklyn, NY 11223.

8. Upon information and belief, Meir Buzaglo is a principal of AMRK

9. Defendant RALPH R. MADEB ("Madeb") is an individual residing in and doing business in the State of New York, with a business address of 16 Sumner Place, Brooklyn, NY 11206.

10. Madeb, at all relevant times herein, upon information and belief, is an investor in, and acted at all relevant times herein, under the control and behest of, the Meir Buzaglo and The Buzaglo Group.

11. Meir Buzaglo, The Buzaglo Group, Premium, AMRK, and Madeb are referred to collectively herein as the Buzaglo Organization.

12. Defendant, ALBERT MIZRAHI a/k/a MITCH CROWDER ("Mizrahi"), is an individual residing in and doing business in, the State of New York, with an address of 290 Avenue W, Brooklyn, NY 11223.

13. Mizrahi, at all relevant times herein, acted under the control and behest of the Buzaglo Organization.

14. Defendant, MASHE ALBUKAI a/k/a RAY TUCKER ("Albukai") is an individual residing in and doing business in, the State of New York, with an address of, 285 Avenue W, Brooklyn, NY 11223.

15. Albukai, at all relevant times herein, acted under the control and behest of the Buzaglo Organization.

16. Defendant, MOSHE WIRELESS INC. ("Moshe") is a domestic corporation, doing business in the State of New York, with an address of 508 72nd Street, Brooklyn, NY 11209

17. Moshe, at all relevant times herein, acted under the control and behest of the Buzaglo Organization.

18. Defendant, ISAAC SIWEID a/k/a JAMES SAWYER ("Siweid") is an individual residing in and doing business in, the State of New York, with an address of 1464 East 7th Street, Brooklyn, NY 11230.

19. Siweid, at all relevant times herein, acted under the control and behest of the Buzaglo Organization.

20. Defendant, MAGI HALABI a/k/a JESSICA GREEN ("Halabi") is an individual residing in and doing business in, the State of New York, with an address of, 2399 East 7th Street, Brooklyn, NY.

21. Halabi, at all relevant times herein, acted under the control and behest of the Buzaglo Organization.

22. Defendant, ESTY HARA a/k/a EMILY SPENSER ("Hara") is an individual residing in and doing business in, the State of New York, with an address of,122 Ave R, Brooklyn, NY 11229,

23. Hara, at all relevant times herein, acted under the control and behest of the Buzaglo Organization.

24. Defendant, ELAN AZIZIAN a/k/a MATT WOLFE ("Azizian") is an individual residing in and doing business in, the State of New York, with an address of, 908 Hewlett Drive, Valley Stream, NY.

25. Azizian, at all relevant times herein, acted under the control and behest of the Buzaglo Organization.

26. Defendants, Azizian, Hara, Halabi, Siweid, Moshe, Albukai, and Mizrahi, are referred to herein as the "Buzaglo Sales Representatives."

27. Together, all Defendants named herein are referred to collectively as the "Buzaglo Enterprise."

## STATEMENT OF FACTS

28. Hamilton acts as a broker to small businesses, assisting them in obtaining short term capital from receivables-based financing companies ("funders"), with whom Hamilton has developed relationships.

29. The Defendants, with the Exception of Madeb, who is upon information and belief, an investor in the Buzaglo Enterprise, are all independent contractors, who worked for Plaintiff for the period, on or about, June 21, 2021 through May 2022.

3

Case 1:22-cv-08347-LAK   Document 1-1   Filed 09/30/22   Page 8 of 22

30. In about June 2021, Meir Buzaglo held himself out to Hamilton as an experienced sales manager, with substantial experience.

31. Shortly thereafter, Meir Buzaglo began bringing in sales representatives who were under his control.

32. Meir Buzaglo introduced the Buzaglo Sales Representatives to Hamilton and represented that they were experienced sales representatives with substantial experience.

33. Meir Buzaglo agreed to supervise and be responsible for the actions of the Buzaglo Sales Representatives.

34. In reliance upon Buzaglo's representations, Hamilton agreed to provide leads and financial information to Meir Buzaglo and the Buzaglo Sales Representatives.

35. Said leads and information were to be used only for the benefit of Hamilton, to match Hamilton's merchant clients seeking financing with Hamilton's associated funders offering financing.

36. Hamilton expressly did not give the Buzaglo Group any authority or permission to use Hamilton's leads and proprietary information for any other purpose, except to generate business for Hamilton.

37. In consideration for work done on behalf of Hamilton, Meir Buzaglo was entitled to a commission of the deals closed by the Buzaglo Organization and the Buzaglo Sales Representatives were entitled to a commission of the deals closed by any of the Representatives.

38. Meir Buzaglo agreed to the terms of his independent contractor relationship with Hamilton.

39. The Buzaglo Sales representatives agreed to the terms of their independent contractor relationship with Hamilton.

40. The sales representatives under Buzaglo's control were represented that they were working exclusively for Hamilton, when in fact they were working for the Buzaglo Enterprise, as part of a common scheme to use Plaintiff's proprietary information, customer lists, sales leads and contacts to divert Plaintiff's business to another brokerage Defendants owned and controlled, Premium, and/or others acting under the Buzaglo Organization's control.

41. Initially, the Buzaglo Organization performed under their agreement with Hamilton, upon information and belief, to cover their tracks as they plotted and executed their scheme to steal Hamilton's proprietary information and trade secrets, and to compete unfairly and covertly with Hamilton.

42. The Buzaglo Sales Representatives and the Meir Buzaglo were paid commissions for the deals they made on behalf of Hamilton.

43. However, while working as Hamilton contractors, they used the confidential proprietary information and trade secrets, belonging to Hamilton, to steal Hamilton's business and cause injury to Plaintiff's reputation and income.

44. While the Meir Buzaglo and the Buzaglo Sales Representatives were working for Hamilton, they used their positions, jointly and severally to surreptitiously extract commercially valuable information from Hamilton in order to compete with Hamilton.

45. Initially Hamilton was unaware that the Buzaglo Enterprise was using Plaintiff's facilities, customer lists, sales leads and contacts, and platforms to steer merchants from Hamilton to Premium and other broker entities unknown to Hamilton.

46. In about early May 2022, Hamilton's principal became aware that the Buzaglo Sales Representatives were bringing in 90% less income to Hamilton than other independent sales representatives employed by Hamilton.

47. Toward the end of May 2022, Defendants separated from Plaintiff. After their separation, Defendants continued to use information stolen from Plaintiff for their own profit, in order to compete with Plaintiff.

48. After the Meir Buzaglo and the Buzaglo Sales Representatives separated from Plaintiff, Plaintiff became aware of the extent illegal activities.

49. Imbedded in Hamilton's customer lists and lead sheets there is a security failsafe that alerts Hamilton's principal, should any of its independent sales representatives are diverting Plaintiff's business contacts for their own profit

50. It became clear that the Meir Buzaglo and the Buzaglo Sales Representatives were using the leads provided by Hamilton to make deals with Plaintiff's funding associates, both during Defendants' relationship with Hamilton, and after they parted ways from Hamilton.

Case 1:22-cv-08347-LAK   Document 1-1   Filed 09/30/22   Page 10 of 22

51. As a result, the Buzaglo Enterprise succeeded in their scheme to siphon business and profits rightfully belonging to Hamilton, to the Buzaglo Enterprise.

52. As an example, in July 2018, the principal of Hamilton received a message from one of his funder associates, who forwarded to Hamilton a copy of a solicitation and offer to fund one of Hamilton's merchant clients, which was sent by email from Ray Tucker at the email address: ray@premiumcapitalfund.com.

53. Upon information and belief, Ray Tucker is the d/b/a used by Defendant Sales Representative Albukai.

54. Further, even before their separation from Hamilton, and while they were still working out of Hamilton's offices, Meir Buzaglo and the Buzaglo Sales Representatives attempted to circumvent Hamilton's business and to forge a brokerage relationships with Hamilton's merchant and funder associates.

55. There have been numerous occasions that Hamilton was notified that the Buzaglo Enterprise, using Hamilton's confidential, proprietary information and trade secrets, lured Hamilton's merchant clients and funder associates into doing business with the Buzaglo Enterprise, both during the period that the Meir Buzaglo and the Buzaglo Sales Representatives worked as independent contractors for Hamilton, and after they parted ways with Hamilton.

56. Upon information and belief, the Buzaglo Enterprise conspired, and was formed for the sole purpose of, stealing Hamilton's confidential proprietary information and trade secrets, and unlawfully using such information to unfairly and unlawfully steal Hamilton's business relationships.

57. Hamilton's proprietary information and trade secrets are the product of years of work and experience and are crucial to Hamilton's success in selecting and matching merchant clients to funder associates.

58. Hamilton's reputation has been built based upon carefully cultivated relationships with funders and prospective merchant clients.

59. Integral to Plaintiff's success is their reputation in the industry. A significant element of that reputation is confidentiality with regard to their clients and funder relationships, which involves the use of merchant's confidential financial information.

60. The Buzaglo Enterprise has stolen and misused the confidential financial information of merchants who have come to Hamilton for their financial needs.

61. The Buzaglo Enterprise has, by their actions, destroyed the good will and trust in the financial confidentiality and trust earned by Hamilton from its merchant clients and funder relationships; a trust that has taken years, and skill to build.

62. The Buzaglo Enterprise converted the confidential information regarding Hamilton's merchant clients and funder's financials to its own use, and the Enterprise' lack of skill in the use of Hamilton's confidential, proprietary information and trade secrets has caused irreparable damage to Hamilton's reputation and funder/client relations.

63. Defendants' actions, jointly and severally, at all times were surreptitious, dishonest, self-dealing, and illegal.

### FIRST CAUSE OF ACTION
### (Conversion)

64. Plaintiff realleges all the foregoing allegations.

65. By virtue of the facts set forth above, Defendants, jointly and severally, are guilty of theft of company property, both during the Buzaglo Organization's employment by Plaintiff and after the Buzaglo Group parted ways with Hamilton.

66. The Defendants have manipulated, stolen, and shared proprietary, confidential information, diverting profits that rightfully belong to Plaintiff.

67. Plaintiff has been damaged in an amount to be determined by the Court against all Defendants, jointly and severally, together with punitive and exemplary damages and interest thereon.

### SECOND CAUSE OF ACTION
### (Unjust enrichment)

68. Plaintiff realleges all the foregoing allegations.

69. Based upon the facts set forth above, Defendants, by their Actions in converting Plaintiff's property have been unjustly enriched in an amount to be determined by the Court.

70. Plaintiff is entitled to a monetary judgment in an amount to be determined by the Court, against all Defendants, jointly and severally, together with punitive and exemplary damages, and interest thereon.

## THIRD CAUSE OF ACTION
### (Tortious Interference)

71. Plaintiff realleges all the foregoing allegations.

72. Defendants sought out a relationship with Plaintiff, upon information and belief, with the goal of stealing Plaintiff's confidential information and diverting it to Premium and other entities created by the Buzaglo Enterprise, for the receipt and use of Plaintiff's confidential information.

73. Once the Defendants obtained Plaintiff's trust, they intentionally and improperly stole Plaintiff's confidential, proprietary information and used it for their own benefit.

74. Defendants still use Plaintiff's confidential, proprietary information and trade secrets to unfairly compete with Plaintiff and to cause Plaintiff economic injury and injury to Plaintiff's reputation and good will with its business clients.

75. As a result, thereof, Plaintiff is entitled to a monetary judgment in an amount to be determined by the Court against all Defendants, jointly and severally, together with punitive and exemplary damages, and interest thereon.

## FOURTH CAUSE OF ACTION
### (Breach of Contract)

76. Plaintiff realleges all the foregoing allegations.

77. Meir Buzaglo and the Buzaglo Sales Representatives, offered their services as independent sales agents to Hamilton, with Defendant Meir Buzaglo, offering his claimed expertise as a sales manager.

78. As consideration for the services of the Meir Buzaglo and the Buzaglo Sales Representatives, and in reliance upon Meir Buzaglo's claim of expertise in the financial receivables business, Plaintiff agreed to share confidential leads and financial information with Meir Buzaglo and the Buzaglo Sales Representatives, and agreed to pay commissions for each deal that Meir Buzaglo and the Buzaglo Sales Representatives concluded for Plaintiff, through the use of Plaintiff's confidential proprietary information and trade secrets.

8

79. Defendants, jointly and severally, entered into an agreement with Plaintiff that included a representation from Defendants, that they understood and would preserve the exclusivity and confidentiality in the use of Plaintiff's confidential, proprietary information and trade secrets.

80. The Meir Buzaglo and the Buzaglo Sales Representatives initially performed under the contract and earned – and were paid – commissions for their work on behalf of Hamilton.

81. In so doing, Meir Buzaglo and the Buzaglo Sales Representatives, jointly and severally, ratified their contract with Hamilton.

82. Once Meir Buzaglo and the Buzaglo Sales Representatives gained the trust of Plaintiff, they proceeded to steal Plaintiff's confidential, proprietary information and trade secrets, and converted them for their own use through Defendant Premium, and other Buzaglo entities, for the sole purpose of stealing Plaintiff's business and unfairly competing with Plaintiff.

83. The Defendants conspired together to gain Plaintiff's trust in order to obtain Plaintiff's confidential proprietary information and trade secrets.

84. Once Defendants gained those secrets and proprietary information, the Buzaglo Enterprise began funneling merchant clients to Premium, and other entities of the Buzaglo Enterprise.

85. As a result of Defendants' breaches, described above, Plaintiff is entitled to a monetary judgment, jointly and severally against all Defendants, in an amount to be determined by the Court, and a declaratory judgment mandating that Defendants cease and desist using Plaintiff's confidential, proprietary information and trade secrets, and for such other and further relief as may be just.

**FIFTH CAUSE OF ACTION**
**(FRAUD)**

86. Plaintiff realleges all the foregoing allegations.

87. Meir Buzaglo and the Buzaglo Sales Representatives, jointly and severally, induced Plaintiff into providing them with Plaintiff's proprietary, confidential information and trade secrets, by representing that they would act, jointly and severally, as Plaintiff's independent sales representatives, in consideration for the payment of commissions by Plaintiff to the Buzaglo Organization.

9

88. Defendants' representations to Plaintiff were intentionally false and part of a scheme by the Bugzalo Enterprise to steal Plaintiff's business.

89. Plaintiff reasonably relied upon Defendants' representations and provided Defendants access to Plaintiff's confidential, proprietary information and trade secrets, and complied with the parties Agreement by paying commissions to the Buzaglo Organization, jointly and severally, for deals they consummated using Plaintiff's confidential information.

90. As a result of Plaintiff's reliance upon Defendants statements and representations, Plaintiff has been damaged in an amount to be determined by the Court, including punitive and exemplary damages, against all Defendants, jointly and severally.

### SIXTH CAUSE OF ACTION
### (THEFT OF TRADE SECRETS)

91. Plaintiff realleges all the foregoing allegations.

92. Hamilton developed information of economic value to the successful operation of Hamilton's business.

93. Said information, which involved relationships and financial knowledge gleaned and developed by Hamilton constitutes a trade secret.

94. Hamilton's trade secrets were known only to employees and others involved in Hamilton's business.

95. The trade secrets are valuable to Hamilton and an integral part of Hamilton's business.

96. Hamilton made reasonable efforts to protect its trade secret.

97. Hamilton informed Meir Buzaglo and the Buzaglo Sales Representatives, that the confidential information and proprietary information was a trade secret, and that it was to be kept confidential and only used for the benefit of Hamilton's business.

98. Defendants agreed to keep Hamilton's trade secret(s) confidential and use said trade secret(s) only for the benefit of Hamilton, in consideration of commissions paid by Hamilton to Defendants, upon their successful use of Hamilton's trade secret(s) to close deals on behalf of Hamilton.

99. Hamilton imbedded a security code in the information it supplied to Defendants and other independent sales representatives, in order to protect Hamilton's trade secret(s), and learned of Hamilton's deceit and theft, in part, because Defendant's conduct triggered said security code.

100. Defendants stole Hamilton's confidential trade secrets and used them for their own financial benefit.

101. Hamilton has been irreparably damaged by Defendants' actions.

102. Plaintiff has been damaged in an amount to be determined by the Court, jointly and severally against all Defendants, including punitive and exemplary damages.

## SEVENTH CAUSE OF ACTION
### (CONCEALMENT OF FUNDS; CONSTRUCTIVE TRUST)

103. Plaintiff realleges all the foregoing allegations.

104. Plaintiff alleges that they have lost significant income by virtue of Defendants' actions.

105. Defendants cultivated a confidential and fiduciary relationship with Hamilton.

106. Meir Buzaglo and the Buzaglo Sales Representatives, jointly and severally, made a promise to Hamilton to protect the confidential and trade secrets divulged to them by Hamilton, in exchange for substantial commissions for the use of that information in furtherance of consummating deals for the benefit of Hamilton.

107. Hamilton shared its trade secrets and confidential information in reliance upon Defendants' promises.

108. Defendants used the Hamilton's trade secrets and confidential information in order to funnel deals to Premium, and other entities controlled and operated by Meir Buzaglo, in order to garner profits that rightfully and legally belonged to Hamilton.

109. Upon information and belief, in order to shelter income and funds from claims by Hamilton, Defendants entered into a scheme whereby they use fictitious entities to hold funds wrongfully obtained by Defendants, without disclosure of that relationship.

110. Upon information and belief, said scheme was conceived of and directed by the Meir Buzaglo and executed by Defendants, jointly and severally.

111. Upon information and belief, the specific purpose of said transfers was to defeat the rights of Hamilton, who has claims thereto, with the specific intention of defrauding Hamilton and stealing its business.

112. Upon information and belief, said transfers were made for insufficient and/or no compensation.

113. Defendants have, upon information and belief, continued to receive and hold funds that they have obtained by surreptitiously stealing Hamilton's confidential, proprietary information and trade secrets, for the specific purpose of concealment of said funds.

114. By virtue thereof, Plaintiff is entitled to monetary judgment against Defendants, jointly and severally, in an amount to be determined by the Court; an order directing the disgorgement of any funds held by entities on behalf of Defendants; and an order and judgment directing the Defendants, jointly and severally, to account for all funds received as part of Defendants' scheme to steal Plaintiff's business; together with a mandatory injunction directing the Defendants and/or any nominee or other entities or individuals involved in the Buzaglo Enterprise, to protect and preserve said funds stolen from Plaintiff's business.

### EIGHTH CAUSE OF ACTION
### (ACCOUNTING)

115. Plaintiff realleges all the foregoing allegations.

116. The Buzaglo Organization, jointly and severally, acted in a fiduciary capacity to Hamilton, by virtue of their access to Hamilton's trade secrets and confidential, proprietary information, which was intended to inure to the financial benefit of Hamilton.

117. The actions of Defendants were perpetrated while the Buzaglo Organization, jointly and severally, by the covert use of Hamilton's confidential, proprietary information and trade secrets, under cover of working on behalf of Hamilton.

118. As part of their scheme, Defendants were collecting commissions from Hamilton for the few deals they consummated on behalf of Hamilton, prior to stealing Hamilton's information for their own use.

119. Defendants parted ways from Hamilton in about May 2022, and have continued to use Hamilton's purloined trade secrets and confidential, proprietary, financial information for their own benefit.

120. Defendants owe Hamilton a fiduciary duty, by virtue of their use of Hamilton's confidential, proprietary information and trade secrets and diverting the profits thereof to themselves.

12

Case 1:22-cv-08347-LAK   Document 1-1   Filed 09/30/22   Page 17 of 22

121. Defendants owed Hamilton a fiduciary duty, by virtue of their promises to Hamilton and their ratification of the terms of their agreement by accepting commissions from Hamilton.

122. By virtue of the facts alleged herein, Plaintiff is entitled to an order directing a full and complete accounting of all financial and other acts of the Defendants from August 2021, through the filing of the Complaint, and until resolution of this action, including access to Defendants' books and records, to be conducted at Defendants' expense, jointly and severally and a declaratory judgment mandating Defendants produce their records for Plaintiff's inspection and for such other and further relief as may just.

**(NINTH CAUSE OF ACTION)**
**(Racketeer Influence and Corrupt Organizations Act "RICO")**

123. Plaintiff realleges all the foregoing allegations.

124. Each Defendant is involved in interstate commerce and in financial transactions that cross state lines and involve multiple states, by virtue of their contact with out of state Funders and merchants, whose information they unlawfully appropriated from Hamilton.

125. Heretofore, Defendants stole confidential proprietary information from Hamilton by trickery and proceeded to use that information to unlawfully compete with Hamilton *while* employed by Hamilton.

126. Defendants used, over telephonic communication, emails and texts, Hamilton's confidential proprietary information, including confidential financial information of Hamilton's merchant clients and funder associates, to contact Plaintiff's merchant clients and Plaintiff's funders, in order to steal Hamilton's business and destroy Hamilton's business relationships.

127. Defendants acted with malice and intent to steal from Hamilton and to put them out of business.

128. Defendants acted as set forth above, while using the Hamilton's facilities, including telephones and email.

129. Said actions constitute criminal conduct in the nature of larceny, theft, and breach of fiduciary duty.

130. Said actions constitute violations of 18 USC §894.

13

131. Various Defendants made intentional misrepresentations to Hamilton's merchant clients and funders, to induce them to do business with Defendants, instead of Hamilton, so that Defendants could divert further unlawful funds from Plaintiff.

132. Said representations were made in part, by communication over the telephone and/or over the Internet.

133. Defendants' actions constitute a pattern of racketeering activity within the meaning of 18 USC §1961.

134. Defendants' business activities, including but not limited to: purporting to offer merchant cash advances and approaching funders for financing utilizing stolen proprietary information, including the confidential financial information of merchants and funders associated with Hamilton, constitute interstate commerce.

135. Upon information and belief, Defendants engage in similar courses of conduct on a continuous basis, engaging in numerous transactions of a similar nature, though interstate commerce and primarily through internet communications.

136. Upon information and belief, the proceeds of said illegal, unfair, and unlawful conduct are used by Defendants as funds to invest in further unlawful schemes, in violation of 18 USC §1962(a).

137. Defendants' actions constitute participation, advancement, and furtherance of a criminal enterprise's purpose, to wit, the Bugzalo Enterprise, through a pattern of racketeering activity and collection of unlawful debts, in violation of 18 USC §1961.

138. Defendants have conspired to violate 18 USC §§1961(a) and 1961(c).

139. Defendants constitute a criminal enterprise

140. Pursuant to 18 USC §1964, Plaintiff is entitled to recover actual damages for all Defendants, jointly and severally, in an amount to be determined by the Court, plus treble damages pursuant to 18 USC §1964.

### TENTH CAUSE OF ACTION
### Declaratory and Injunctive Relief

Plaintiff realleges all the foregoing allegations.

141. By virtue of the facts set forth above, Plaintiff is entitled to an order that Defendants immediately cease and desist making use of Plaintiff's confidential, proprietary information, and for such other and further relief as may be just.

INDEX NO. 653382/2022

Case 1:22-cv-08347-LAK   Document 1-1   Filed 09/30/22   Page 19 of 22

**WHEREFORE**, Plaintiff seeks judgment on its

**FIRST CAUSE OF ACTION**, for a monetary judgment an amount to be determined by the Court against all Defendants, jointly and severally, together with punitive and exemplary damages.

**SECOND CAUSE OF ACTION**, for a monetary judgment in an amount to be determined by the Court, against all Defendants, jointly and severally together with punitive and exemplary damages, and interest thereon.

**THIRD CAUSE OF ACTION**, for a monetary judgment in an amount to be determined by the Court, against all Defendants, jointly and severally, together with punitive and exemplary damages, and interest thereon.

**FOURTH CAUSE OF ACTION**, for a monetary judgment against all Defendants, jointly and severally, in an amount to be determined by the Court and a declaratory judgment that Defendants cease and desist using Plaintiff's confidential, proprietary information and trade secrets, and for such other and further relief as may be just.

**FIFTH CAUSE OF ACTION**, for a monetary judgment in an amount to be determined by the Court, including punitive and exemplary damages, against all Defendants, jointly and severally.

**SIXTH CAUSE OF ACTION**, for a judgment in an amount to be determined by the Court, jointly and severally against all Defendants, including punitive and exemplary damages.

**SEVENTH CAUSE OF ACTION**, for a monetary judgment against Defendants, jointly and severally, in an amount to be determined by the Court; a declaratory judgment directing the disgorgement of any funds held by entities on behalf of Defendants; and an order and judgment directing the Defendants, jointly and severally, to account for all funds received as part of Defendants' scheme to steal Plaintiff's business; together with a mandatory injunction directing the Defendants and/or any nominee or other entities or individuals involved in the Buzaglo Enterprise, to protect and preserve said funds stolen from Plaintiff's business.

**EIGHTH CAUSE OF ACTION**, for an order directing a full and complete accounting of all financial and other acts of the Defendants from August 2021, through the filing of the

15

Case 1:22-cv-08347-LAK   Document 1-1   Filed 09/30/22   Page 20 of 22

Complaint, and until resolution of this action, including access to Defendants' books and records, to be conducted at Defendants' expense, jointly and severally and a declaratory judgment mandating Defendants produce their records for Plaintiff's inspection and for such other and further relief as may just.

**NINTH CAUSE OF ACTION**, for a judgment Pursuant to 18 USC §1964, for actual damages from all Defendants, jointly and severally, in an amount to be determined by the Court, plus treble damages pursuant to 18 USC §1964.

**TENTH CAUSE OF ACTION,** a declaratory judgment ordering that Defendants immediately cease and desist making use of Plaintiff's confidential, proprietary information, and for such other and further relief as may be just.

September 14, 2022


Yours, etc.,


*Robin LoGuidice*

GRIMBLE & LOGUIDICE, LLP
*Attorneys for Plaintiff*
By:  Robin LoGuidice
217 Broadway – 304
New York, NY. 10007
212 349-0450
rml@grimblelaw.com

16

## VERIFICATION

**Joseph Hurwitz,** being duly sworn, hereby deposes and says as follows:

I am the principal of the Plaintiff herein and I am fully familiar with the facts and circumstances recited in the annexed Verified Complaint. I have read the foregoing Verified Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

Sworn to September 14, 2022.

**Joseph Hurwitz**

Notary Public

BAYLA ROTHSTEIN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RO6375893
Qualified in Kings County
Commission Expires    May 29, 2026

Scanned with CamScanner

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF NEW YORK                                    INDEX: _____/2022

---

HAMILTON ADVANCE INC.,

                      PLAINTIFF,


        -against-


THE BUZAGLO GROUP INC.; MEIR BUZAGLO
a/k/a JACK HILL; PREMIUM CAPITAL FUND
d/b/a PREMIUM CONSOLIDATION; AMRK
ENTERPRISES INC.; RALPH R. MADEB; ALBERT
MIZRAHI a/k/a MITCH CROWDER; MASHE
ALBUKAI a/k/a RAY TUCKER; MOSHE
WIRELESS INC.; ISAAC SIWEID; MAGI HALABI
a/k/a JESSICA GREES;  ESTY HARA a/ka EMILY
SPENSER; and ELAN AZIZIAN a/k/a MATT WOLFE,


                      DEFENDANTS.

---

# SUMMONS AND COMPLAINT

---

Yours, etc.
**GRIMBLE & LOGUIDICE, LLP**
Attorneys for *Plaintiff*
217 Broadway, Suite 304
New York, NY 10007
(212) 349-0450

---

☐ **NOTICE OF ENTRY**
Please take notice that the annexed is a true copy of the Order entered in the above named court on          .

---

☐ **NOTICE OF SETTLEMENT**
Please take notice that the annexed Order will be presented for settlement at the above named court on          at 9:30 am.

---

☐ **ADMISSION OF SERVICE.**
Service of  the annexed is admitted this _____ day of _____, 200__ at _____ o'clock.

---

Pursuant to 22 NYCRR 130-1.1, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

CERTIFICATION OF ENCLOSED PAPERS:        _____
                                          Robert Grimble, Esq.

                                          *Robin LoGuidice*
                                          _____
                                          Robin LoGuidice, Esq.


**GRIMBLE & LOGUIDICE, LLP**
**217 BROADWAY, SUITE 304**
**NEW YORK, NY 10007**
**(212) 349 0450**