ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAMILTON ADVANCE, INC.<br><br>                Plaintiff,<br>v.<br><br>THE BUZAGLO GROUP INC., MEIR BUZAGLO a/k/a JACK HILL; PREMIUM CAPITAL FUND d/b/a PREMIUM CONSOLIDATION; AMRK ENTERPRISES, INC.; RALPH R. MADEB; ALBERT MIZRAHI A/K/A MITCH CROWDER; MASCHE ALBUKAI AKA RAY TUCKER; MOSHE WIRELESS INC.; ISAAC SIWEID; MAGI HALABI A/K/A JESSICA GREES; ESTY HARA A/K/A EMILY SPENSER; AND ELAN AZIZIAN A/K/A MATT WOLFE,<br><br>                Defendants. | No. 1:22-cv-08347-LAK-KHP<br><br>STIPULATION OF DISMISSAL<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 7/12/23 |

WHEREAS, on September 15, 2022 Plaintiff Hamilton Advance filed a lawsuit against the Defendants in New York State court in New York County;

WHEREAS, on November 3, 2023 Defendants removed the case to federal court;

WHEREAS, the parties have now resolved the case as memorialized in the attached Settlement Agreement;

IT IS NOW STIPULATED among the parties that plaintiff Hamilton Advance hereby **dismisses the case with prejudice** pursuant to Federal Rule of Civil Procedure 41(1)(a)(ii).

| Law Office of Adam R. Gonnelli, LLC | Grimble & LoGuidice, LLP |
|---|---|
| By: /s/ Adam Gonnelli<br>Adam Gonnelli<br>707 Alexander Rd., Bldg 2.<br>Princeton, NJ 07701<br>Tel: 917-541-7110<br>adam@arglawoffice.com<br>Attorney for Defendants | By: /s/ Robin LoGuidice<br>Robin LoGuidice<br>217 Broadway – 304<br>New York, New York 10007<br>212.349.0450<br>rml@grimblelaw.com<br>Attorney for Plaintiff |

SO ORDERED

/s/ Lewis A. Kaplan
LEWIS A. KAPLAN, USDJ

7/12/23

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into effective this 20th day of June 2023, by and between Plaintiff Hamilton Advance Inc. ("Hamilton") on the one hand, and Defendants The Bozaglo Group, Premium Capital Fund, AMRK Enterprises Inc., Meir Bozaglo, Ralph R. Madeb, Albert Mizrahi, Mashe Albukai, Mosche Wireless Inc., Isaac Siweid, Magi Halabi, Esty Hara and Elan Azizian, on the other hand, in the litigation *Hamilton Advance, Inc. v. The Buzaglo Group, Inc. et al.*, No. 1:22-cv-08347, pending in the United States District Court for the Southern District of New York.

## RECITALS

Whereas, on September 15, 2022 Hamilton Advance filed a lawsuit against the Defendants in New York State court in New York County. Plaintiff alleged Defendants engaged in a conspiracy to misappropriate Hamilton's trade secrets, customer lists and other material while some of the Defendants were independent contractors of Hamilton. Plaintiff brought claims for conversion, unjust enrichment, tortious interference, breach of contract, fraud, theft of trade secrets, for the imposition of a constructive trust and an accounting, and for violation of the federal RICO statute.

Whereas, on November 3, 2022 Defendants removed the case to federal court. On April 21, 2023 Defendants filed a motion to dismiss Plaintiff's claims in their entirety. Subsequently, the parties exchanged discovery requests and documents.

Whereas, Defendants deny they copied, removed or misappropriated any material from Hamilton. Defendants have at all times denied, and continue to deny, any wrongdoing at all, and believe they have meritorious legal and factual defenses to all Plaintiff's claims.

Whereas, Plaintiffs contend that Defendants have wrongfully profited from the proprietary information owned by Plaintiffs while Defendants were employed as independent contractors of Plaintiffs, and believe that Plaintiffs' claims have substantive merits.

1

Whereas, both parties have agreed to enter into this Settlement Agreement to avoid the further expense of litigation, and to be completely free of any claims and disputes among them. Plaintiff and Defendants (together, the "Parties") following extensive discussion and negotiation between counsel, agree to settle the litigation on the following terms.

**NOW, THEREFORE**, in consideration of the recitals and mutual promises contained in this Settlement Agreement, the receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

1. <u>Recitals</u>. The Recitals set forth above are expressly incorporated herein by reference as though fully set forth herein.

2. <u>Payment</u>. In consideration of the Plaintiffs agreement to discontinue this action, Defendants agree to pay the total sum of Fifty Thousand Dollars ($50,000.00) (the "Payment") for full and complete resolution and release of the Lawsuit. The Payment will be made payable to Grimble & LoGuidice, as attorneys. Defendants or their agent shall make payment upon full and complete execution of this release. Defendants or their agent may make payment by electronic transfer of funds to the bank account of Grimble & LoGuidice LLP, as attorneys: Chase Bank Routing No. 021000021; Account No. 681621699.

3. The executed Releases and Agreement shall be held in escrow and released upon the settlement payment set forth in Par. 2, above.

4. The Parties will execute a Stipulation of Discontinuance, with this Agreement as an attachment, to be filed by Plaintiff upon receipt of the settlement payment, set forth in Par. 2, above.

5. Defendants, without admitting or denying any wrongdoing alleged, hereby agree that any information they gained while employed by Plaintiffs shall, if in writing, be either destroyed or returned to Plaintiffs within two days of signing this Agreement and Defendants shall not use such information in the future.

2

Case 1:22-cv-08347-LAK-KHP Document 34-1 Filed 07/08/23 Page 3 of 10

6. <u>No Admission of Liability</u>. The Parties acknowledge that Defendants, as a group and individually, deny any wrongdoing whatsoever in connection with its dealings with Hamilton Advance, Hamilton's employees, officers, and owners, including but not limited to its CEO, Joseph Hurwitz. The Parties further acknowledge that this Settlement Agreement is made solely for the purpose of compromising the Lawsuit and avoiding the time and expense of litigation and appeals. It is expressly understood and agreed by the Parties that nothing contained in this Settlement Agreement shall constitute or be treated as an admission of any wrongdoing or liability on the part of any of the Defendants. The Settlement Agreement shall not be offered or received in evidence or requested in discovery in any action or proceeding as evidence of an admission or concession by any of the Defendants.

7. <u>Covenant Not To Sue</u>

(a) Plaintiff agrees that Plaintiff and its owners, officers, directors, employees, attorneys, agents, successors, assigns, personal representatives, heirs, executors, trustees, and administrators, including but not limited to its CEO, Joseph Hurwitz, will forever refrain from instituting, maintaining, collecting, proceeding, cooperating, or assisting in the prosecution against any of the Defendants, or any of Defendants' immediate families, biological or corporate parents, subsidiaries, or affiliates, and each of their respective agents, principles, officers, directors, shareholders, employees, former employees, representatives, attorneys, insurers, successors and assigns, and each of them, any claim, demand, action, cause of action, or liability arising out of or related to the Lawsuit and/or the claims, transactions and allegations in the Lawsuit, whether or not now known, suspected or claimed, which Plaintiff has ever had, now has, or hereafter may have, against any such entities.

(b) Plaintiff and its owners, officers, and directors, including but not limited to its CEO, Joseph Hurwitz, agree that unless requested to do so by any of the Defendants, it and they will not testify or otherwise participate in any legal proceeding brought by others against any of the Defendants, or any of Defendants' immediate families, biological or corporate parents, subsidiaries, or affiliates, agents, principles, officers, directors, shareholders, employees, former employees, representatives, attorneys, insurers, successors and assigns, and including any case in

3

a court of law or before any administrative agency or arbitration panel, unless compelled to do so by subpoena or court order. In the event Plaintiff or its owners, officers, and directors, including but not limited to its CEO, Joseph Hurwitz, are subpoenaed or compelled to testify or otherwise participate in any legal proceeding against any of the Defendants, their counsel will immediately provide a copy of the subpoena or notice to Defendant(s) in the Lawsuit, indicating the matter in which such subpoena or notice is issued. Such notice shall be made to: Meir Bozaglo, 80 Maiden Lane, Rm 1506, New York, N.Y. 10038.

8. Release. The Parties intend to afford each other a general release. Accordingly, in consideration of, and effective upon, the payment referenced in paragraph 2 above, and for the mutual avoidance of further costs, inconvenience, and uncertainties relating to this Lawsuit, Hamilton Advance and its owners, officers, directors, employees, former employees, attorneys, agents, successors and assigns, representatives, trustees, and administrators, including but not limited to its CEO, Joseph Hurwitz, hereby release and forever discharge all Defendants and each Defendant's immediate families, biological or corporate parents, owners, subsidiaries, affiliates, and each of Defendants' respective agents, principals, officers, directors, shareholders, employees, former employees, representatives, attorneys, insurers, successors and assigns, trustees, and administrators, from any and all claims (including liabilities, actions, causes of action, obligations, costs, attorneys' fees, damages, losses and demands of every character, nature, kind and source, whether legal, equitable or otherwise).

Defendants, including each Defendant's immediate families, biological or corporate parents, owners, subsidiaries, affiliates, and each of their respective agents, principals, officers, directors, shareholders, employees, former employees, representatives, attorneys, insurers, successors and assigns, trustees, and administrators, hereby release and forever discharge Hamilton Advance, and its owners, officers, directors, employees, attorneys, agents, successors and assigns, representatives, trustees, and administrators, including but not limited to its CEO, Joseph Hurwitz, from any and all claims (including liabilities, actions, causes of action, obligations, costs, attorneys' fees, damages, losses and demands of every character, nature, kind and source, whether legal, equitable or otherwise).

9. Representations and Warranties

(a) Each person executing this Settlement Agreement warrants he or she has obtained from the Party or Parties on whose behalf such person is executing this Settlement Agreement the authority to so execute this Settlement Agreement.

(b) Each Party has carefully read and reviewed this Settlement Agreement and understands it fully, and each Party specifically does not rely upon any statement, representation, legal or accounting opinion, or promise of any other Party or any person representing such other Party in executing this Settlement Agreement or in making the settlement provided for herein, except as expressly stated in this Settlement Agreement.

(c) Each Party has made such an investigation of the law and facts pertaining to this Settlement Agreement and of all matters pertaining hereto as it deems necessary. Each Party has been represented by competent counsel of that Party's own choosing, which counsel has provided such Party with any and all advice on this Settlement Agreement as such counsel and such Party deem necessary or appropriate. This Settlement Agreement has been carefully read by, the contents hereof are known and understood by, and is signed freely by, each Party executing this Settlement Agreement.

(d) This Settlement Agreement is the result of arms' length negotiation between the Parties.

(e) Each Party represents and warrants that he or it has not assigned to any third party any actual or potential claim or any portion of any actual or potential claim against any other Party to this Settlement Agreement.

10. Notices. All notices under this Settlement Agreement shall be sent via email and overnight or hand delivery as follows (subject to the right of each Party to change this notice designation by written notice to the other):

To Hamilton Advance:

c/o Grimble & LoGuidice, LLP, 217 Broadway, 304, New York, N.Y. 10007

To Defendants:

Meir Bozaglo, 80 Maiden Lane, Rm 1506, New York, N.Y. 10038.

11. Construction of Settlement Agreement. This Settlement Agreement shall be construed as a whole according to its fair meaning. The language of this Settlement Agreement shall not be

5

construed for or against either Party. No provision of this Settlement Agreement shall be construed against any Party by virtue of the activities of that Party or such Party's attorneys. The headings used in this Settlement Agreement are for reference only and shall not affect the construction of the Settlement Agreement.

12. <u>Integration</u>. This Settlement Agreement constitutes a single integrated, written contract expressing the entire agreement of the Parties hereto relative to the subject matter hereof. No recitals, covenants, agreements, representations, or warranties of any kind whatsoever have been made or have been relied upon by any Party hereto, except as specifically set forth in this Settlement Agreement. All prior discussions and negotiations have been or are merged and integrated into, and are superseded by, this Settlement Agreement. There shall be no amendment, modification, or waiver of any provision of this Settlement Agreement except in a writing signed by each Party to be bound by such amendment, modification, or waiver.

13. <u>Severability</u>. The Parties hereto covenant and agree that in the event that any provision of this Settlement Agreement should be held by a court of competent jurisdiction to be void, voidable, illegal, or unenforceable in any respect, the remaining portions and provisions hereof shall nevertheless remain in full force and effect as if such void, voidable, illegal, or unenforceable provision had never been contained in this Settlement Agreement.

14. <u>Governing Law And Conflict Resolution</u>. This Settlement Agreement shall be construed in accordance with, and governed by, the laws of the State of New York. Venue for enforcement of this Settlement Agreement shall be in the federal or state courts located in New York.

15. <u>Execution in Counterparts</u>. This Settlement Agreement may be executed and delivered in two or more counterparts, each of which, including, but not limited to, pages transmitted by facsimile or e-mail, when so executed and delivered shall be deemed to be an original.

16. <u>Costs and Expenses</u>. Each Party is to bear their own costs and expenses incurred in connection or related to with the Lawsuit and the negotiation of settlement and this Agreement, including but not limited to, attorneys' fees.

17. <u>Damages</u>. Any Party who breaches the terms of this Agreement shall be liable to the non-breaching party for actual damages, injunctive relief, attorney's fees and costs, and any other penalty and sanction as may be determined and imposed by a court in its discretion.

18. <u>Non-Disparagement</u>. Hamilton Advance, and its owners, officers, employees, and directors, including but not limited to its CEO, Joseph Hurwitz, agree that they will not at any time knowingly defame, disparage, or impugn the reputation of any of the Defendants, Defendants' immediate families, biological or corporate parents, owners, subsidiaries, or affiliates, and each of their respective agents, principals, officers, directors, shareholders, employees, former employees, representatives, attorneys, insurers, successors and assigns, and each of them. All Defendants except Ralph R. Madeb, including their owners, officers, and directors, agree that they will not at any time knowingly defame, disparage, or impugn the reputation of Hamilton Advance, its owners, officers, directors, or employees, including but not limited to its CEO, Joseph Hurwitz. Defendant Dr. Madeb represents that he has no intention of disparaging Plaintiff, its owners, officers, or employees or discussing the litigation. "Disparage" as used in this Settlement Agreement means to make any statement, written or oral, that casts an entity in a negative light, or attributes any negative quality to the entity or its products or services.

19. <u>Successors and Assigns</u>. This Agreement shall be binding upon the heirs, executors, administrators, legal representatives, successors, and assigns of the respective Parties.

IN WITNESS WHEREOF, the Parties hereto each have approved and executed this Settlement Agreement effective as of the last date signed below.

I have read the foregoing agreement and understand its terms. The SETTLEMENT AGREEMENT AND MUTUAL RELEASE consists of seven (7) pages inclusive of this page.

**Hamilton Advance Inc.**

By: _____
Dated: 6/22/23

7

**The Bozaglo Group**

By: _____

Dated: 06/26/2023

**Premium Capital Fund**

By: _____

Dated: 06-26/2023

**AMRK Enterprises Inc.**

By: _____

Dated: 06-26-2023

**Meir Bozaglo**

_____

Dated: 06-26-2023

**Dr. Ralph R. Madeb**

_____

Dated: _____

**Albert Mizrahi**

_____

Dated: 06-26-23

8

**The Bozaglo Group**

By:_____

Dated: _____

**Premium Capital Fund**

By:_____

Dated: _____

**AMRK Enterprises Inc.**

By:_____

Dated: _____

**Meir Bozaglo**

_____

Dated: _____

**Dr. Ralph A. Madeb**

_____

Dated: 6/27/2023

**Albert Mizrahi**

_____

Dated: _____

8

**Mashe Albukai**

_signature_

Dated: 06/23/23


**Mosche Wireless Inc.**

By: _signature_

Dated: 06/23/23


**Isaac Slweid**

_signature_

Dated: 06/26/23


**Magi Halabi**

_signature_

Dated: 6/23/23


**Esty Hara**

_signature_

Dated: 6/23/23


**Elan Azizian**

_signature_

Dated: 6/26/23